UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

---

**DEEP GREEN WIRELESS LLC,**

                *Plaintiff*,

v.

**MITEL NETWORKS CORPORATION, MITEL (DELAWARE), INC. and MITEL NETWORKS, INC.,**

                *Defendants*.

C.A. No. _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Deep Green Wireless LLC ("Deep Green" or "Plaintiff") by and for its complaint of patent infringement in this matter, hereby alleges through its attorneys as follows:

### Nature of the Action

This is an action for patent infringement of United States Patent *No.* RE42,714 (the "'714 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., seeking damages and other relief under 35 U.S.C. § 281, *et seq*.

### The Parties

1. Plaintiff Deep Green is a Delaware limited liability company with its principal place of business at 990 Biscayne Blvd. Suite 503, Miami, Florida 33132.

2. Upon information and belief, Defendant Mitel Networks Corporation is a corporation organized and existing under the laws of Canada, with a principal place of business

at 350 Legget Dr., Kanata, ON K2K 2W7.

3. Upon information and belief, Defendant Mitel (Delaware), Inc. is a Delaware corporation with its United States headquarters at 5850 Granite Parkway, Suite 600, Plano, TX, 75024.

4. Upon information and belief, Defendant Mitel Networks, Inc. is a Delaware corporation with its United States headquarters at 5850 Granite Parkway, Suite 600, Plano, TX, 75024.

5. Mitel Networks Corporation, Mitel (Delaware), Inc., and Mitel Networks, Inc. are referred to herein, collectively, as "Mitel" or "Defendants."

**Jurisdiction and Venue**

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code §1, *et. seq*., §§ 271, 281, and 284 - 85, among others.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of a United States patent.

8. This court has personal jurisdiction over Defendants. Upon information and belief, Defendants each either directly or indirectly through one or more of their subsidiaries, affiliates, partners, or other related parties, have conducted and/or continue to conduct business within the State of Texas, including in this Judicial District. Upon information and belief, Defendants have committed and continue to commit acts of infringement in the United States, the State of Texas and this Judicial District by, among other things, making, using, importing, offering for sale, and/or selling products that infringe the '714 Patent.

9. Defendants each are subject to this Court's specific jurisdiction pursuant to due

process and/or the Texas Long Arm Statute, due to at least their substantial business in this forum, which is either conducted directly and/or through intermediaries. Such substantial business includes: (i) committing at least a portion of the infringements alleged herein, including using, distributing, importing, making, offering for sale, selling, and/or marketing, supporting and advertising of their infringing products in Texas and in this Judicial District, and (ii) regularly doing or soliciting business in the State of Texas and in this Judicial District, engaging in other persistent courses of conduct in this Judicial District including maintaining continuous and systematic contacts in Texas and in this Judicial District, purposefully availing themselves of the privileges of doing business in Texas and in this Judicial District, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. Upon information and belief, this Court also has personal jurisdiction over Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc. because their United States headquarters are in Plano, Texas, and they are registered to do business in the State of Texas, and thus they have purposely availed themselves of the privileges and benefits of the laws of Texas. Defendant Mitel Networks Corporation has also filed at least one patent litigation action in this District.

10. The exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendants each are subject to personal jurisdiction in this Judicial District, and Defendants each have transacted business and have committed and continue to commit acts of patent infringement in this Judicial District, entitling Deep Green to relief. For example, upon information and belief, Defendants each have made, used, sold, offered for sale, and/or imported infringing products in this Judicial District.

### The Patent-In-Suit

12. On September 20, 2011, the '714 Patent, entitled "Apparatus for Voice Communications over Wired and Wireless Networks," was duly and legally issued by the United States Patent and Trademark Office. Phillip M. DeLaine, Jr. is the named inventor listed on the face of the '714 Patent. The '714 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. A true and correct copy of the '714 Patent is attached hereto as Exhibit A.

13. Deep Green is the owner by assignment of the '714 Patent. Deep Green holds all rights, title, and interest in the '714 Patent, including the right to collect and receive damages for past, present, and future infringements. The named inventor, Phillip M. DeLaine, Jr. is a member and Chief Technologist of Deep Green.

14. Generally, the '714 Patent is directed to products that manage voice communication from multiple devices over land lines and wireless networks. Prior to the inventions set forth in the '714 Patent, each piece of home or small office communications equipment typically required its own individual analog phone line. That required substantial subscription expenses, including expenses associated with maintaining multiple phone lines – a separate line for each individual piece of communication equipment. It further necessitated complicated wiring for each individual piece of equipment. While certain devices allowed more than one piece of equipment to connect to a single phone line, those devices did not permit more than one piece of equipment to use the line simultaneously. In 1999, Mr. DeLaine addressed and solved these problems by inventing an all-in-one switch that used a single digital network interface for both data and voice connection and additionally provided wired, wireless data and voice connectivity to any number of devices. The claimed apparatus avoids the technical

problems associated with the prior art approach and simplifies the setup of all connected devices. It further provides various technical benefits including that it allows multiple devices to communicate with each other and share a digital connection to the outside world.

15. The use of the patented technology is now widespread in the telecommunication industry, including its use in small cells (*e.g.*, femtocells) and DECT phone products.

16. On information and belief, at least Defendant's currently-available DECT Access Point products (*e.g.*, MiVoice 5610 DECT Handset and IP DECT Stand products, and IP-DECT System products), use the teachings, the inventions and the technology of the '714 Patent.

## COUNT I:  INFRINGEMENT OF THE '714 PATENT BY DEFENDANTS

17. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 16 as if set forth here in full.

18. Defendants are not licensed under the '714 Patent, yet Defendant knowingly, actively, and lucratively practices the claimed inventions of the '714 Patent.

19. Upon information and belief, Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '714 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States and its Territories, without license or authority, products that manage voice communication from multiple devices over land lines and wireless networks, including Defendants' DECT Access Point products (*e.g.*, MiVoice 5610 DECT Handset and IP DECT Stand products, and IP-DECT System products), and any such reasonably similar products) (the "Accused Products"), and are thus liable to Deep Green pursuant to 35 U.S.C. § 271. Defendants' direct infringement includes, without limitation, making, using, offering to sell, and/or selling within the United States, and/or importing into the United States and its Territories

5

the apparatus of at least claim 53 of the '714 Patent.

20.     Defendants are therefore liable for direct infringement of the '714 Patent pursuant to 35 U.S.C. § 271(a).

21.     As a result of Defendants' unlawful infringement of the '714 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.  Plaintiff is entitled to recover from Defendants the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined.  The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

22.     Upon information and belief, Defendants will continue to infringe Plaintiff's exclusive rights under the '714 Patent, and will continue to damage Deep Green, causing irreparable harm, unless and until they are enjoined by this Court.

23.     Plaintiff is entitled to pre-suit damages, and is not barred from pre-suit damages by 35 U.S.C. § 287.

24.     By letter dated August 19, 2015, to Richard D. McBee, President and CEO of Mitel Networks Corporation, Kathlene Ingham of General Patent Corporation, representing Deep Green, notified Mitel Networks Corporation of the existence of the '714 Patent and Mitel Networks Corporation's ability to secure a license under the '714 Patent ("August 19, 2015 Letter").  Defendant Mitel Networks Corporation has been on actual notice of the '714 Patent since at least August 2015.

25.     Despite having learned of the '714 Patent and the technology it covers from Deep Green at least as early as on or about August 19, 2015, Mitel Networks Corporation has not ceased its infringing activities.  Defendant Mitel Networks Corporation has infringed and

6

continues to infringe despite an objectively high likelihood that its actions constitute infringement of Deep Green's valid patent rights. This objectively high likelihood was known to Mitel Networks Corporation, or was so obvious that Mitel Networks Corporation should have known of this objectively high risk of infringement. Despite knowing that its actions constituted infringement of the '714 Patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of that patent, Defendant Mitel Networks Corporation nevertheless continued its infringing actions.

26. Defendant Mitel Networks Corporation's infringement of the '714 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and willful, at least since its receipt of the August 19, 2015 Letter.

27. Additionally, Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc. have infringed and continue to infringe despite an objectively high likelihood that their actions constitute infringement of Deep Green's valid patent rights. Upon information and belief, Mitel (Delaware), Inc. and Mitel Networks, Inc. knew of or should have known of this objectively high risk, at least as early as of date of this Complaint, and/or when they first became aware of the '714 Patent. Upon information and belief, Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc.'s learned of the '714 Patent on or around August 19, 2015 based on the August 19, 2015 Letter addressed to Mitel Networks Corporation. Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc. have had knowledge of the '714 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282. Despite knowing that its actions constituted infringement of the '714 Patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of that patent, Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc. continued their infringing actions.

28. Defendants Mitel (Delaware), Inc. and Mitel Networks, Inc.'s infringement of the '714 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deep Green prays for judgment and respectfully requests that this Court enter judgment in its favor and that the Court grant Plaintiff the relief as follows:

A. Judgment that Defendants have infringed and/or continue to infringe one or more claims of the '714 Patent, literally and/or under the doctrine of equivalents;

B. Judgment that such infringement has been willful;

C. Holding that the '714 Patent is not invalid and not unenforceable;

D. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '714 Patent;

E. Award to Plaintiff of the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement, including compensatory damages, and the trebling of such damages due to the willful nature of the infringement;

F. Judgment that this case is exceptional pursuant to 35 U.S.C. §285 and awarding Plaintiff its attorneys' fees, costs and treble damages;

G. Award to Plaintiff of all costs (including all disbursements) and expenses in this action;

H. Award to Plaintiff of pre- and post-judgment interest on its damages; and

I. Award to Plaintiff of such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: December 10, 2015                        Respectfully submitted,

By: */s/Andrew W. Spangler*
    Andrew W. Spangler
    TX SB #24041960
    SPANGLER LAW, P.C.
    208 N. Green St., Suite 300
    Longview, TX 75601
    Telephone (903) 753-9300
    Facsimile (903) 553-0403
    spangler@spanglerlawpc.com

    Mark Raskin
    Robert Whitman
    Charles Wizenfeld
    MISHCON DE REYA NEW YORK LLP
    Two Park Avenue, 20th Floor
    New York, NY 10016
    Telephone (212) 612-3270
    Facsimile (212) 612-3297
    mark.raskin@mishcon.com
    robert.whitman@mishcon.com
    charles.wizenfeld@mishcon.com

    *Attorneys for Plaintiff*
    *Deep Green Wireless LLC*